**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KYLE BURTON
804 South Main Street
Marysville, PA 17053,
      Plaintiff,

v.

THE HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY
One Hartford Plaza
Hartford, CT 06155

      Defendant.

No.

**COMPLAINT**

Plaintiff Kyle Burton ("Plaintiff" or "Mr. Burton"), through his undersigned counsel, for his Complaint against The Hartford Life and Accident Insurance Company ("Hartford") states as follows.

**INTRODUCTION**

1. This is an action brought pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). ERISA is a remedial statute that Congress enacted to protect "the interests of participants in employee benefit plans and their beneficiaries" by requiring the establishment of uniform standards of disclosure, conduct, and fiduciary responsibility. 29 U.S.C. § 1001(b). It imposes higher than marketplace standards on insurers and employee benefit plan fiduciaries—like Defendant—who must act in the sole interest of benefit plan participants and their beneficiaries for the exclusive purpose of providing benefits under the terms of an employee benefit plan.

1

2.      Defendant wrongfully denied Mr. Burton the employee benefits he was entitled to under the terms of Invoice Cloud, Inc.'s Group Disability Plan ("the Plan"), and denied him full and fair reviews of his claims for Plan benefits when he appealed the adverse claim determinations at issue in this case.

## THE PARTIES

3.      Mr. Burton is a former employee of Invoice Cloud, Inc. and a participant in the Plan.

4.      The Plan is an employee welfare benefit plan that provides short-term and long-term disability benefits to eligible Plan participants subject to the terms of the Plan.

5.      Hartford is an insurance company organized under the laws of the State of Connecticut with its principal place of business located in Hartford, Connecticut.

6.      Hartford issued a group policy of insurance bearing policy number GRH-892461 ("the STD Policy") to fund the Plan's short-term disability ("STD") benefits program and also issued a group policy of insurance bearing policy number GLT-892461 ("the LTD Policy") to fund the Plan's long-term disability ("LTD") benefits program.

7.      Hartford is responsible for adjudicating claims for Plan benefits rising under the Plan's STD and LTD programs.

8.      Hartford and Invoice Cloud, Inc. are each a fiduciary as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), as they, *inter alia,* exercise authority or control respecting management or disposition of Plan assets.

## THE TERMS OF THE PLAN

9.      The Plan provides STD benefits to eligible Plan participants who meet the Plan's definition of disability as set forth in the Group Policy.

10.      The STD Policy's definition of Total Disability for STD benefits is as follows:

**Total Disability** or **Totally Disabled** means that You are prevented by:

a   Injury;
b   Sickness;
c   Mental Illness;
d   Substance Abuse; or
e   pregnancy;

from performing the Essential Duties of Your Occupation, and as a result, You are earning 20% or less of Your Pre-disability Earnings.

11.      "**Essential Duty**" means a duty that:

a   is substantial, not incidental;
b   is fundamental or inherent to the occupation; and
c   cannot be reasonably omitted or changed.

Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty.

12.      "**Your Occupation**" means "Your Occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job You are performing for a specific employer or at a specific location."

13.      Mr. Burton's weekly STD benefit was 60% of his Pre-Disability Earnings.

14.      The Plan also provides LTD benefits to eligible Plan participants who meet the Plan's definition of disability as set forth in the Group Policy.

15.      The LTD Policy's definition of Disability for LTD benefits is as follows: **Disability** or **Disabled** means You are prevented from performing one or more of the Essential Duties of:

a   Your Occupation during the Elimination Period;
b   Your Occupation, for the 2 year(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
c   After that, Any Occupation

16.      Mr. Burton's monthly LTD benefit was 60% of his pre-disability earnings.

3

**JURISDICTION AND VENUE**

17.    The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA—a law of the United States—and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

18.    The Court has personal jurisdiction over Defendant as Defendant regularly transacts business in this District and Division. This Court also has personal jurisdiction over Defendant because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

19.    Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because at all relevant times, Defendant may be found in this District.

**FACTS COMMON TO ALL COUNTS**

20.    Mr. Burton was employed as a Developer with Invoice Cloud, Inc. and participated in the Plan.

21.    Mr. Burton's final day of work was on or around November 12, 2021.

22.    Mr. Burton suffered from extreme depression, anxiety, bipolar disorder, and cognitive deficits; he could not read or write, and his anxiety even precluded grocery shopping.

23.    Mr. Burton suffered from a traumatic medical incident earlier in 2021 when he had general anesthesia for a fistulotomy and woke up disoriented and combative.

24.    Mr. Burton suffered from a variety of physical impairments as well, including neurological complaints and neck, shoulder, and back pain.

25.    Hartford initially approved his STD benefits from November 15, 2021 through December 21, 2021.

26.     On September 30, 2022, Hartford terminated Mr. Burton's claim for STD benefits beyond December 21, 2021.

27.     Mr. Burton underwent an anterior lumbar interbody fusion surgery on January 12, 2023.

28.     Mr. Burton appealed the denial of his claim for STD benefits.

29.     On July 26, 2023, Hartford denied Plaintiff's appeal and maintained its decision to deny Mr. Burton's STD benefits and advised him of his right to bring a civil action under ERISA Section 502(a), 29 U.S.C. § 1132(a).

30.     Mr. Burton subsequently filed an application for LTD benefits.

31.     In conjunction with the review of the LTD claim, Hartford appeared to shift the classification of Mr. Burton's occupation from light work to sedentary work.

32.     On February 19, 2024, Hartford denied his claim for LTD benefits.

33.     Mr. Burton appealed the denial of his claim for LTD benefits.

34.     On January 10, 2025, Hartford denied Plaintiff's LTD appeal and maintained its decision to deny Mr. Burton's LTD benefits and advised him of his right to bring a civil action under ERISA

Section 502(a), 29 U.S.C. § 1132(a).

35.     All conditions precedent to filing suit have been completed.

## COUNT I – DENIAL OF STD BENEFITS
## PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

36.     Mr. Burton repeats, reaffirms, and realleges paragraphs 1 through 35 of the Complaint as if they were fully restated at length herein.

37.     Hartford has failed to pay Mr. Burton STD benefits to which he is entitled.

38.    Mr. Burton has exhausted his internal remedies under the Plan and, thus, all conditions precedent to the filing of this action have been performed or have occurred.

39.    Mr. Burton is entitled to STD benefits under the terms of the Plan because he is disabled as defined by the Plan.

40.    The denial of Mr. Burton's claim for benefits was contrary to the terms of the Plan, de novo wrong, and an abuse of discretion.

41.    Hartford failed to provide Mr. Burton with a full and fair review of his claim in violation of Section 503 of ERISA, 29 U.S.C. § 1133, as well as 29 C.F.R. § 2560.503-1, by *inter alia*, failing to provide Mr. Burton with all documents relevant to his claim for benefits, cherry picking the evidence reviewed to support his claim, relying on the flawed and self-serving reports of its consultants, and ignoring the opinions of Mr. Burton's treating healthcare providers.

42.    Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

43.    As a result of Hartford's denial of Mr. Burton's claim for benefits, subsequently upholding that decision, and the refusal to overturn it, there exists an actual case and controversy by and between the parties hereto entitling Mr. Burton to a declaration of rights clarifying the benefits to which he is entitled under the Plan.

WHEREFORE, Mr. Burton prays the Court grant him the following relief with respect to Count I of his Complaint:

      a   That the Court enter judgment in favor of Mr. Burton and against Hartford, and award him all past due STD benefits and future benefits pursuant to the terms of the Plan;

b   Order Hartford to pay Mr. Burton prejudgment interest on all benefits that have accrued prior to the date of judgment;

c   That the Court award Mr. Burton his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Hartford; and

d   That Mr. Burton recovers any and all other relief to which he may be entitled.

**COUNT II – DENIAL OF LTD BENEFITS**
**PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

44.   Mr. Burton repeats, reaffirms, and realleges paragraphs 1 through 43 of the Complaint as if they were fully restated at length herein.

45.   Hartford has failed to pay Mr. Burton LTD benefits to which he is entitled.

46.   Mr. Burton has exhausted his internal remedies under the Plan and, thus, all conditions precedent to the filing of this action have been performed or have occurred.

47.   Mr. Burton is entitled to LTD benefits under the terms of the Plan because he is disabled as defined by the Plan.

48.   The denial of Mr. Burton's claim for LTD benefits was contrary to the terms of the Plan, de novo wrong, and an abuse of discretion.

49.   Hartford failed to provide Mr. Burton with a full and fair review of his claim in violation of Section 503 of ERISA, 29 U.S.C. § 1133, as well as 29 C.F.R. § 2560.503-1, by *inter alia*, failing to provide Mr. Burton with all documents relevant to his claim for benefits, cherry picking the evidence reviewed to support his claim, relying on the flawed and self-serving reports of its consultants, and ignoring the opinions of Mr. Burton's treating healthcare providers.

50.   Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of

his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

51.    As a result of Defendants' denial of Mr. Burton's claim for LTD benefits, subsequently upholding that decision, and the refusal to overturn it, there exists an actual case and controversy by and between the parties hereto entitling Mr. Burton to a declaration of rights clarifying the benefits to which he is entitled under the Plan.

WHEREFORE, Mr. Burton prays the Court grant him the following relief with respect to Count II of his Complaint:

a    That the Court enter judgment in favor of Mr. Burton and against Hartford, and award him all past due disability LTD benefits pursuant to the terms of the Plan;

b    Order Hartford to pay Mr. Burton prejudgment interest on all benefits that have accrued prior to the date of judgment;

c    That the Court award Mr. Burton his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Hartford; and

d    That Mr. Burton recovers any and all other relief to which he may be entitled.

Respectfully submitted,

 /s/ Zachary Lipschutz
Adam Harrison Garner (320476)
Zachary Lipschutz (326208)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 1111
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
zach@garnerltrd.com
*Attorneys for Plaintiff*

Dated: July 17, 2026